FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2003 NOV 18 P 2: 26

US DISTRICT COURT
HARTFORD CT

IN RE
    GARRY KLINGER
        DEBTOR(S)

GARRY KLINGER
        Appellant                               Civil Action No. 3:01CV2311(CFD)

V.

CAROLYN SCHWARTZ,
    United States Trustee,
    and
BARBARA KATZ,
    Trustee
        Appellees                             November 17, 2003

## MOTION TO DISMISS APPEAL

Barbara H. Katz, Chapter 7 Trustee and Appellee, respectfully moves this Court to dismiss the above captioned appeal by Garry Klinger of an order of the Honorable Lorraine Murphy Weil converting his Chapter 11 bankruptcy to Chapter 7 proceeding on November 15, 2001 and in support thereof I respectfully represent:

1. On May 9, 2002 this honorable Court entered an order directing the Appellant/Debtor to file a designation of the contents of the record and otherwise comply with the requirements of Bankruptcy Rule 8006 within 10 days of the date of the ruling.

2. On May 15, 2002 the Debtor sent to this Court a designation of record on appeal. A copy of this designation received by the undersigned is attached as Exhibit A. It does not appear on this Court's docket.

3. On May 30, 2002 the undersigned Appellee filed a designation of items to be included in the record and issues to be presented on appeal with this Court (Docket #14) and with the Bankruptcy Court.

4. Since that activity 18 months ago nothing further has happened in this appeal. The Debtor has failed to file a Memorandum of Law pursuant to Bankruptcy Rule 8009 and has failed to take any action to prosecute this appeal.

5. In the interim, the Honorable Lorraine Murphy Weil, United States Bankruptcy Judge, has issued a judgment against the Debtor denying him a discharge pursuant to 11 U.S.C. § 727(a). A copy of that judgment is attached hereto as Exhibit B and made a part hereof.

6. With the entry of the order of the Bankruptcy Court denying the Debtor his discharge this appeal has become mute.

WHEREFORE, Barbara H. Katz, Trustee, Appellee, respectfully moves this Court to dismiss the above captioned appeal for failure to prosecute and on grounds of muteness.

Dated at New Haven, Connecticut, this 17th day of November, 2003.

Barbara H. Katz, Trustee/Appellee
57 Trumbull Street
New Haven, Connecticut 06510-1004
(203) 772-4828
ct06946

U.S. District Court  
District of Connecticut

MAY 2 0 2002

In re: Garry Klinger

3:01-cv 2311(CFD)  
01-32463(lmw)

15 May 2002

DESIGNATION OF RECORD ON APPEAL

Madame Clerk:

To be included in the Record on appeal

Motion of U.S. Trustee   Nov ___ 2001 to CONVERT case # 01-32463 to a Chapter 7

Decision of the Bankruptcy Court, Weil, J., Nov_15___2001.

ORDER of the Bankruptcy Court, Weil, J., converting the case Nov _15___2001.

Motion of Debtor to STAY Conversion Nov _____2001.

Decision of Court on Debtor's Motion for Stay   Nov 27 2001

ORDER of the Bankruptcy Court, Weil, J., denying Debtor's Motion for Stay Nov 26 2001.

Notice of Appeal   January 5, 2002

Garry Klinger, debtor-appellant, pro se  
POB 26511  West Haven CT 06516

Certificate of Mailing

Clerk US Bankruptcy Court

Exhibit A

157 Church St 18th Fl  
New Haven CT 06510  
Katz, Chapter 7 Trustee

Attorney Barbara

57 Trumbull St

New Haven CT 06510  
U.S. Trustee  
265 Church St Ste 1103  
New Haven CT 06516

Clerk U.S. District Court  
440 Main St - Annex  
Hartford CT 06106

Debtor-Appellant, pro se

ORDER ENTERED ON:

10-22-03

Pamela M. Esposito

**DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE NO. | 01-32463 (LMW) |
| GARRY KLINGER, | ) | CHAPTER | 7 |
| DEBTOR. | ) | | |
| | | | |
| UNITED STATES TRUSTEE, District of Connecticut, | ) | ADV. PROC. NO. | 01-3145 (LMW) |
| | ) | DOC. I.D. NO. | 12 |
| PLAINTIFF | ) | | |
| vs. | ) | | |
| GARRY KLINGER, | ) | | |
| DEFENDANT. | ) | | |

## JUDGMENT AND INJUNCTION

The court, having received and reviewed the evidence presented during the trial of this adversary proceeding, and having reviewed the adversary proceeding file and the chapter 7 case file, and having considered the parties' memoranda with respect thereto, and having entered this same date a Memorandum of Decision Re: Permanent Injunction, Denial of Discharge and Money Judgment (the "Memorandum"), it is hereby

**ORDERED** that all capitalized terms used but undefined herein shall have the respective meanings ascribed to the same in the Memorandum; and it is further

**ORDERED** that judgment shall enter in favor of the Plaintiffs on the Fifth Claim for Relief and the objection of the Plaintiffs to the granting of a discharge to the Debtor under 11 U.S.C. § 727(a) is sustained and no discharge shall enter in this case; and it is further

cc: BNC            #68

EXHIBIT B

**ORDERED** that judgment shall enter in favor of the Plaintiffs on the Second Claim for Relief in the amount of $9,100.00; and it is further

**ORDERED** that judgment shall enter in favor of the Plaintiffs on the Third Claim for Relief in the amount of $87,696.00; and it is further

**ORDERED** that, pursuant to the Plaintiffs' request, judgment shall enter dismissing the Fourth Claim for Relief without prejudice; and it is further

**ORDERED** that judgment shall enter in favor of the Plaintiffs on the First Count for Relief and the following Permanent Injunction will issue; and it is further

**ORDERED** that subject to the limitations set forth below, the Debtor, or any person acting at his request and behalf, is permanently forbidden and enjoined:

1. From interfering, in any way, with the Trustee in the administration of the bankruptcy estate and disposition of assets in this the *In re Garry Klinger* bankruptcy case, including but not limited to: holding himself out as a person with authority to act in respect to the collection, possession or disposition of property of this chapter 7 bankruptcy estate; *provided however*, the mere filing and prosecution of pleadings in this case shall not be deemed to be within the scope of this order;

2. From approaching closer than 500 feet to the person, home or business premises of Barbara H. Katz, Esq., except as otherwise ordered by this court or when making scheduled appearances in the Bankruptcy Court; *provided, however,* that the injunction with respect to the Trustee's person, home or business premises shall remain in effect only until the later of five (5) years from the date of this order or the closing of the underlying chapter 7 bankruptcy case (subject to extension for good cause shown after notice and a hearing);

3. From contacting, in person, by mail, by public notice, by telephone, through agents, by electronic or any other means, any tenants residing in real property which is an asset of the bankruptcy estate of *In re Garry Klinger*, Case No. 01-32463, including, but not limited to, properties as to which relief from stay has been granted to one or more secured creditors to exercise their respective rights under applicable law and/or properties that have not been disclosed by the Debtor;

4. From contacting or contracting with local government, State of Connecticut or Federal Officials for the purpose of regulating the occupancy of any apartment or other real property of the within bankruptcy estate [as described in ¶ 3 immediately above];

5. From approaching closer than 500 feet to any real property of the bankruptcy estate of *In re Garry Klinger*, Case No. 01-32643, including, but not limited to, properties as to which relief from stay has been granted to one or more secured creditors to exercise their respective rights under applicable law and/or properties that have not been disclosed by the Debtor;

6. From touching, opening or in any other way coming into contact with any mailbox or other postal or delivery receptacle, mail, envelopes, packages or other material delivered to or pertaining to any residence which is property of the within bankruptcy estate, including, but not limited to, properties as to which relief from stay has been granted to one or more secured creditors to exercise their respective rights under applicable law and/or properties that have not been disclosed by the Debtor;

and it is further

**ORDERED** that subparagraphs 1, 3, 4, 5 and 6 above, shall remain in effect only for so long as the underlying chapter 7 bankruptcy case remains open.

Issued at New Haven, Connecticut this 22nd day of October, 2003.

BY THE COURT

Lorraine Murphy Weil
United States Bankruptcy Judge

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE
    GARRY KLINGER
        DEBTOR(S)

GARRY KLINGER
    Appellant                                Civil Action No. 3:01CV2311(CFD)

V.

CAROLYN SCHWARTZ,
    United States Trustee,
    and
BARBARA KATZ,
    Trustee
    Appellees                              November 17, 2003

**CERTIFICATION OF SERVICE**

This is to certify that a copy of the foregoing Motion To Dismiss Appeal was mailed, postage pre-paid to the following on the 14th day of November, 2003.

Carolyn Schwartz
U.S. Trustee
Office of the U.S. Trustee
265 Church Street
Suite 1103
New Haven, Ct 06510-7016

Garry Klinger
8814 Osborne Correctional Institution
P.O. Box 100
C-24
Somers, Ct 06071
Debtor(s)/Appellant

                                                  Barbara H. Katz, Trustee