UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE | : |
| | : |
|     GARRY KLINGER, | : |
|         Debtor-Appellant, | : |
| | : |
|         v. | : |
| | : Civil Action No. 3:01CV2311 (CFD) |
| CAROLYN SCHWARTZ, U.S. | : |
| TRUSTEE, and BARBARA | : |
| KATZ. | : |
|         Appellees. | : |

## ORDER

There are three motions pending before this Court. Barbara Katz, trustee of the debtor's Chapter 7 estate ("Katz"), filed a Motion to Dismiss **[Doc.#16]**, contending that the debtor-appellant Gary Klinger ("Klinger") has failed to prosecute this appeal, and that the bankruptcy court's subsequent order denying Klinger a discharge from bankruptcy has rendered this appeal moot. For the following reasons, this motion **[Doc.#16]** is **GRANTED**. Consequently, the two remaining motions, Katz's Motion for a Hearing **[Doc.#21]** on the motion to dismiss and Klinger's Motion of Appointment of Counsel **[Doc. #20]**, are **DENIED** as moot.

### I. Background

On November 15, 2001, the United States Bankruptcy Court converted the above-captioned case from Chapter 11 to Chapter 7 of the United States Bankruptcy Code. Shortly thereafter, Klinger sought a stay of that conversion order in the bankruptcy court, which was denied orally on November 26, 2001, and by written decision on November 27, 2001. On December 11, 2001, Klinger filed a notice of appeal of the conversion order in this Court. On December 18, 2001, Klinger filed a motion to stay the conversion order. On January 25, 2002,

this Court denied Klinger's motion for stay [Doc. #3] on the basis that Klinger had not demonstrated that he first sought a stay in the bankruptcy court. In a ruling dated May 9, 2002, this Court granted Klinger's Motion for Reconsideration of that decision, [Doc.#4] but again denied the motion for stay. [Doc.#12]. In that May 9, 2002, ruling, this Court also denied Katz' first Motion to Dismiss [Doc.#6], which argued that Klinger had failed to comply with the filing deadlines set forth in Fed. R. Bankr. P. 8006. Although the motion to dismiss was denied, this Court noted that Klinger "barely" demonstrated excusable neglect, ordered Klinger to file the designation of the contents of the record and otherwise comply with the requirements of Rule 8006 within 10 days of the date that ruling and warned Klinger that failure to comply with the Court's order could lead to dismissal of his appeal. Klinger eventually complied with his Rule 8006 obligations. Katz contends, however, that since that time, Klinger has failed to prosecute his appeal, and it should be dismissed.

**II. Law**

Bankruptcy Rule 8001(a) states that "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court . . . deems appropriate, which may include dismissal of the appeal." Similarly, the Federal Rules of Civil Procedure provide that "failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." Fed. R. Civ. P. 41(b); see also 9 C. Wright & A. Miller, Federal Practice and Procedure, Civ. 2d § 2370. A district court contemplating dismissing a plaintiff's case, under Rule 41(b), for failure to prosecute must consider: (1) the duration of plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether

the district judge has carefully balanced the need to alleviate court calendar congestion and a party's right to due process; and (5) whether the court has assessed the efficacy of lesser sanctions.  Lesane v. Hall's Security Analyst, Inc., 239 F.3d 206, 209 (2d. Cir. 2001); Harding v. Federal Reserve Bank of New York, 707 F.2d 46, 50 (2d Cir. 1983).  At the same time, a district court must be aware "that Rule 41(b) dismissal remains 'a harsh remedy to be utilized only in extreme situations' . . . [a]nd pro se plaintiffs should be granted special leniency regarding procedural matters."  Lesane, 239 F.3d at 209 (internal citation omitted).

### III. Discussion

In her motion to dismiss, Katz first argues that Klinger's appeal should be dismissed for failure to prosecute.  More specifically, Katz contends that, since Klinger complied with this Court's order concerning his Rule 8006 obligations "18 months ago, nothing further has happened in this appeal. [Klinger] has failed . . . to take any action to prosecute this appeal."  Klinger has not responded.

Katz filed her motion to dismiss on November 17, 2003.  Despite this Court's May 9, 2002 ruling "barely" excusing Klinger's failure to abide by prior filing deadlines, and warning Klinger that failure to comply with future filing deadlines "could lead to dismissal of this appeal," Klinger failed to submit a memorandum in opposition to Katz's motion to dismiss for over eight months.  Thus, on July 9, 2004, this Court issued an Order of Notice to Pro Se Litigant that gave express notice to Klinger that "[f]ailure to submit a memorandum in opposition to [the] motion may be deemed sufficient cause to grant the motion"; District of Connecticut Local Rule 7(a); and that if no opposition was filed within 20 days of that notice, Katz's motion to dismiss would be granted.  Despite this order from the Court, Klinger has failed to file a memorandum in opposition, or request an extension of time in which to file such a memorandum.  This failure to

respond is sufficient ground for dismissal. Link v. Wabash Railroad Co., 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). This conclusion is buttressed when Klinger's conduct is evaluated in light of the five factors used in the Second Circuit to weigh dismissal under the "harsh remedy" of Rule 41(b). Lesane, 239 F.3d at 209. First, Klinger's failure to prosecute this action, and meet all filing deadlines, has persisted throughout the pendency of this appeal–a period of well over two years. Second, Klinger has received repeated, readily comprehendible orders from this Court stating that further delays would result in dismissal. Third, Katz's ability to administer the Chapter 7 estate in a timely manner clearly has been prejudiced by Klinger's dilatory tactics. See 11 U.S.C. § 704 (trustee's duties include the "duty to collect and reduce to money all property of the estate for which such trustee serves, and close such estate as quickly and expeditiously as is compatible with the best interests of the parties in interest"); In re Riverside-Linden Inv. Co., 85 B.R. 107, 111 (Bankr.S.D.Cal. 1988) ("the duty to close the estate as quickly and expeditiously as is compatible with the best interests of the parties in interest has been called the trustee's 'main duty.'"); see also Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982) ("prejudice to defendants resulting from unreasonable delay may be presumed"). Fourth, this Court has given Klinger's due process rights careful consideration in this matter, especially when balancing those rights against the need to alleviate court calendar congestion. Fifth, this Court has assessed the efficacy of lesser sanctions, such as sanctions and attorney's fees, and concludes that dismissal is the proper remedy.

  The Court is aware that Klinger, a pro se appellant, currently is incarcerated. The Court also is aware that, after the issuance of the July 7, 2004 order, Klinger filed a motion for

appointment of counsel to assist with the prosecution of his appeal.[1] Nevertheless, when viewed in light of his entire course of conduct, the Court finds that Klinger's incarceration is an insufficient reason for his failure to comply with this Court's July 7, 2004 order, or for his failure to prosecute his appeal in a timely manner. See Jourdan v. Jabe, 951 F.2d 108, 109-10 (6th Cir. 1991) (Although prisoner was suing pro se, there has been no demonstration that his incarceration was responsible for any inability to proceed in a timely fashion, and his appeal was dismissed); Muslim v. Frame, 854 F.Supp. 1215, 1221 (E.D.Pa. 1994) ("When, as here, a pro se prisoner fails to adhere to readily comprehended court orders, the district court has authority to dismiss for want of prosecution."); see also In re Michalek, 1996 WL 698046 (2d Cir. 1996) (affirming district court's grant of motion to dismiss; noting that "the fact that [appellant] was incarcerated and occasionally transferred from one facility to another during this period cannot justify his failure to submit any documents to the District Court."). Therefore, Katz's Motion to

---

[1] In regard to that Motion for Appointment of Counsel, the Court notes that the Second Circuit has made clear that before an appointment is even considered, the district judge "should first determine whether the indigent's position was likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir.1986), cert. denied, 502 U.S. 996 (1991); see also Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir.1989) (cautioning against the "routine appointment of counsel" and reiterating the importance of requiring an indigent to "pass the test of likely merit."). At this point, the Court does not see likely merit to Klinger's claim on appeal.

Moreover, even if Klinger met this threshold test of "likely merit," the Court would need to consider factors such as the "plaintiff's ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." Cooper, 877 F.2d at 172. In this case, Klinger does not indicate that he has made any attempt to obtain legal representation, or even that he has contacted Inmates' Legal Assistance Program. Klinger's motion for appointment of counsel comes almost three years after he originally filed this appeal, and only after the Court's order of notice threatening dismissal for failure to reply to the Motion to Dismiss.

Therefore, because Klinger has not shown any likely merit to his claims, or that he has tried to obtain representation at any time during the pendency of his appeal, the Court would deny his motion to appoint counsel.

Dismiss **[Doc.#16]** is **GRANTED**.

SO ORDERED this 30th day of September 2004, at Hartford, Connecticut.

                                          /s/ CFD
                                        **CHRISTOPHER F. DRONEY**
                                        **UNITED STATES DISTRICT JUDGE**